**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Veronica Hernandez,<br><br>                                    Plaintiff,<br><br>        -v-<br><br>Anthony Hernandez, P.O. E. Amaya, Sgt. Racioppo, Sgt. McHugh, Fame Caucasian Officer Doe, Rodney K. Harrison, Suffolk County Police Department, Long Island Community Hospital, Dr. Doni Marie Rivas D.O., Female Asian Nurse Doe, Female Caucasian LICH Employee Doe, Female Caucasian LICJH Security Doe, Male African American Security Doe, Male African American LICH Orderly, Ellen Mullally, Richard T. Margulis, Debra Grimm, LICH Clinical Leadership, LICH Section 1557 Coordinator, NYU Langone Health System & Hospitals,<br><br>                                    Defendants. | 2:24-cv-8614<br>(NJC) (ST) |

**MEMORANDUM AND ORDER**

NUSRAT J. CHOUDHURY, United States District Judge:

On December 17, 2024, Plaintiff Veronica Hernandez, commenced this action against her husband, Anthony Hernandez, members of the Suffolk County Police Department (the "Suffolk County Defendants"), and employees of Long Island Community Hospital (the "NYU Defendants," and together "Defendants"). (Compl., ECF No. 1.) On February 5, 2026, the Court granted the motions to dismiss filed by the Suffolk County Defendants and the NYU Defendants, which terminated those defendants from this action. (ECF No. 32.) Unresolved are Ms. Hernandez's claims against Defendant Mr. Hernandez. For the reasons set forth below, those claims are dismissed without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), and this action is therefore dismissed.

Rule 4(m) provides:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

Accordingly, on January 9, 2025, the Court ordered that Ms. Hernandez serve all Defendants by March 17, 2025, and that she provide proof of service with the Court within fourteen days of service. (ECF No. 5.) The Court warned that absent good cause, failure to ensure proper service would result in the Complaint being dismissed without prejudice. (*Id.*) On April 1, 2025, the Court extended Ms. Hernandez's deadline to serve to June 1, 2025. (ECF No. 7.) Pursuant to that Order, on June 13, 2025, Ms. Hernandez filed a document titled "Proof of Delivery," with certified mailing receipts addressed to Mr. Hernandez and the other Defendants in the action, along with a copy of a summons and a USPS tracking number. (ECF No. 11.)

Ms. Hernandez's attempt at service upon Mr. Hernandez does not comply with Rule 4, and therefore, she did not serve Mr. Hernandez by the June 1, 2025 deadline. Rule 4(e), Fed. R. Civ. P., governs the requirements for service upon an individual. It provides that an individual may be served either according to state law or through personal service in one of three ways: (1) "delivering a copy of the summons and of the complaint to the individual personally"; (2) "leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there"; or (3) "delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e). Service by certified mail is not a permissible method of personal service under Rule 4(e) because it is not one of the three methods of service listed above.

2

Service by certified mail, without more, is also not a permissible method of service under New York law. The requirements for service under New York law are set forth in the Report and Recommendation filed on January 13, 2026, which the Court adopted on February 5, 2026. (*See* ECF Nos. 29, 32.) As set out there, "under New York's [Civil Practice Law and Rules] service by mail 'is not effective unless the defendant signs and returns an acknowledgement of receipt.'" (R&R at 16, ECF No. 29 (quoting *Fairman v. Hurley*, 373 F. Supp. 2d 227, 232 (W.D.N.Y. 2005).) Because Plaintiff has not filed an acknowledgement of receipt of service, signed by Mr. Hernandez, her attempt at service by certified mail does not satisfy either New York law or Rule 4(e).

Accordingly, Ms. Hernandez failed to serve Mr. Hernandez after the Court's January 9, 2025 and April 1, 2025 Orders placed her on notice that failure to serve the Defendants would result in dismissal of this action. This action is therefore dismissed without prejudice as against Defendant Anthony Hernandez. *See* Fed. R. Civ. P. 4(m) (providing that the Court, "on motion or on its own after notice . . . must dismiss the action without prejudice" if a plaintiff fails to timely serve). Because no other Defendants remain in this action, the action therefore dismissed.

The Clerk of Court is respectfully directed to close this case and mail a copy of this Order to Ms. Hernandez at her address of record and note such mailing on the docket.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

3

Dated: Central Islip, New York
      February 11, 2026

                                    */s/ Nusrat J. Choudhury*
                                      NUSRAT J. CHOUDHURY
                                      United States District Judge

4